BRADISH JOHNSON, The (BALDWIN v.). See Case No. 798.

BRADISH JOHNSON, The (BROWN v.). See Case No. 1,992.

---

## Case No. 1,772.

### In re BRADLEY.

[2 Biss. 515.][1]

District Court, E. D. Wisconsin. April Term, 1871.

BANKRUPTCY — HOLDER OF FIRM NOTE INDORSED BY INDIVIDUAL PARTNER MAY PROVE AGAINST BOTH ESTATES.

1. A bank having discounted a note made by a firm to one of the partners, and indorsed by him, is entitled to prove the debt against the estate of the firm and of the individual partner.

[Cited in Re Knight, Case No. 7,880; Re Long, Id. 8,476.]

[See Stephenson v. Jackson, Case No. 13,374. Under act of 1841, see In re Farnum, Id. 4,674.]

2. The form of the contract or obligation of the maker and indorser should not prejudice

---

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

the legal rights of a creditor claiming distribution of assets in bankruptcy.

In bankruptcy. The firm of H. C. Bradley & Co., composed of Henry C. Bradley, Henry A. Williams and Charles Campbell, were adjudicated bankrupts in this court on their own petition. One of the debts proven against the firm, and also against Charles Campbell, was a note for $1,000, signed in the firm name, payable thirty days after date to C. Campbell or order, at the National Exchange Bank of Milwaukee, and indorsed to the bank by Campbell. The note, not being paid at maturity, was protested. The debt was proved by the bank both as a debt of the firm and of Charles Campbell. Objection was made by the creditors of Charles Bradley to this last claim, on the ground that the debt was only provable against the assets of the firm. The cashier of the bank testified that the bank frequently loaned money to H. C. Bradley & Co., either on collaterals or on the indorsement of Campbell, which was considered good, and added to the security of the firm. The note was discounted by the bank for the firm of H. C. Bradley & Co. [Objection overruled.]

Palmer, Hooker & Pitkin, for creditors.
Jenkins & Elliott, for assignee.

MILLER, District Judge. It is apparent that the note is a debt of the firm, and that the indorsement created a personal liability of Campbell, and that such was the understanding of the parties when the note was discounted by the bank. The indorsement of Campbell was accepted in lieu of collaterals. The protest and notice bound Campbell as an indorser. The rule in England excluded the double proof of a debt, as claimed in this case, but not with the approbation of the courts of the realm. In several cases the rule was enforced while the judges in their opinions doubted its soundness or propriety. There is no good reason for requiring a creditor to elect of which fund he will claim his dividend.

The bankrupt acts of 1841 [5 Stat. 447] and of 1867 [14 Stat. 535] are similar in their provisions in regard to distribution of assets in cases of bankrupt firms and individuals. The English rule has not been adopted in the United States. In Re Farnum [Case No. 4,674] it is decided by the district court of Massachusetts that under the act of 1841 where a partnership and the individual members thereof were declared bankrupts, a creditor who presented a bill of exchange drawn by the firm and endorsed by one of the partners, was entitled to a dividend from the joint estate of the firm, and the separate estate of the partner. The same ruling was made, under the same act, by the circuit court for Massachusetts district. Ex parte Babcock, [Id. 696]; also, Story, Partn. §§ 376, 377. Similar adjudications have been made under the act of 1867. In the case of Mead v. National Bank of Fayetteville [Id. 9,366] the bankrupts had been partners in business, and their indebtedness consisted in part of sundry notes of the firm as maker, with the name of one of the firm on each as indorser. The court, in an elaborate opinion by Judge Hall, came to the conclusion and ordered that the notes were provable both against the firm and each individual indorser. The same principle is decided by Judge Blatchford, of the southern district of New York in Re Bigelow [Id. 1,397].

I think the court has no judicial power to restrict the right of a creditor to pursue the joint and several debtors for the collection of his debt in any manner known to the law. Nor can the mere form of the security or evidence of indebtedness control in respect to the question whether the debt must be proven in bankruptcy proceedings against the partnership, or against the separate estate of one of the firm. The creditor must be permitted to prove his debt according to the contract, and to receive dividends from both joint and individual assets. The objection is overruled.

NOTE [from original report]. Consult In re Knight [Case No. 7,880], where the English rule, in cases where there are no partnership assets and no solvent partner, is approved, and the Massachusetts cases examined.